Dykman, J.
This action was brought to set aside a general assignment made by the defendant Asa Moorhouse for the benefit of his creditors, on the ground of fraud. The action was tried before a judge without a jury, and he found that the assignment was made in good faith, and without any intent to cheat, defraud, hinder, or delay the creditors of Moorhouse. It was the claim of the plaintiff that the assignment upon which the attack was made was fraudulent in law, because it made preferences to certain relatives of the assignor to an amount which exhausted the estate, and that those preferences were of such a nature as to render the assignment void. The principal attack was made upon the preference of Fannie Moorhouse and Nellie Moor-house, two daughters of the assignor, of $1,000, with interest from May 14, 1886, for moneys belonging to them, which the assignor held as their guardian, and used in his business. But it appeared from the testimony of the assignor himself, who is the only witness examined upon the trial, that he was the guardian of his two daughters; that the sum of $500, belonging to each of them, came into his hands as such guardian, and that he used the same in speculations which turned out disastrously, and that the money was substantially squandered, so that he was honestly indebted to them in the sum of $1,000, for which he preferred them in the assignment. Similar satisfactory explanations were made by the assignor upon his examination of all the debts *314 which he preferred in his assignment. There was also special objections to the preferences of two other daughters of the assignor, for whom he had also been appointed guardian; but a similar investment had been made of the trust funds which belonged to these two daughters, and the same result had ensued, so that he was also indebted to them for trust funds belonging to them which he had also squandered. The investment of the trust funds, by the assignor, which belonged to his four daughters, was not such an investment as would relieve him from liability. He had no right or authority to make“such an investment of the trust funds, and it was really in violation, not only of the rules of law, but was entirely unjustifiable in any point of view, and on any accounting by him for such trust funds he would be held personally responsible for the whole amount. In making the preferences for his four children as he did in the assignment, the assignor was doubtless actuated by the honest belief that he was justly indebted to them for an amount of the trust funds which he had received as their guardian; so there was no fraudulent intent in making those preferences. A full examination of the case leads us to the conclusion that there is no fraud established, either in fact or in law, in the execution of the assignment in question, that the findings of the trial judge are correct, and that the judgment should be affirmed, with costs. All concur.