## ADAMS *v.* ALLEN-WEST COMMISSION CO.

Opinion delivered January 8, 1898.

ASSIGNMENT—DISPOSITION OF PROPERTY ASSIGNED.—An assignment for the benefit of creditors which conveys all the property of the assignors, including choses in action, and directs that the assignee shall "dispose of the same in the manner provided by law," is not invalid as directing an unlawful disposition of the choses in action. (Page 607.)

SAME—PREFERENCE.—Where partners knowingly used in their business trust funds belonging to third persons, they may in an assignment of partnership property make a preference in favor of such beneficiaries. (Page 608.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

*C. V. Teague* and *Wood & Henderson*, for appellants.

The court erred in finding, as a matter of law, that the provision in the deed of assignment that the assignee should "dispose of the same (the property) in the mannner provided by said laws" (of Arkansas) included a requirement that he should sell the choses in action, as well as the rest of the property. Burrill on Assignments, 480 *et seq.;* 2 Perry, Trusts, §§ 585–589; Bishop, Contracts, 380, 384, 386, 389 and 392; 54 Ark. 471; 31 N. W. 945; 34 N. W. 154; 11 N. E. 386; 12 N. E. 174; 32 N. Y. 209; 9 N. E. 449. The court erred in holding that the assignment was void because it preferred the claim of the wards of one of the parties against the firm for money of said wards used for the firm's benefit with the knowledge and consent of all the members thereof. 1 Perry, Trusts, 245, 265 and 128; 1 Story's Equity Juris. 468; 47 Ark. 533; 47 Ark. 470; 53 Ark. 558; 51 Ark. 351; 44 Ark. 61; 25 Ark. 318; 61 Ark. 329. The sale to Seay before the failure was not fraudulent, and hence is valid. 122 U. S. 450; 50 Fed. 898; 49 Fed. 138; 160 U. S. 149; 27 S. W. 657; 59 Ark. 562; 53 Ark. 75. The judge passed on all the questions of fact, and this court should make a final disposition of the case, without requiring further proceedings. 40 Ark. 298; 47 Ark. 459; Sand. & H. Dig. § 5829; 45 Ark. 41; 53 Ark. 327; 54 Ark. 329; 50 Ark. 85.

*J. M. Moore*, for appellees.

The insertion and preferment of debts, as due, when in fact they are not due, is conclusive evidence of an intent on the part of the assignees to hinder and delay creditors. 1 Tenn. Ch. 384; Meigs (Tenn.), 317, 329; 43 Barb. 395; 130 N. Y. 597, *et seq.*, and cases cited. The withholding of any property of the assignor's property from a general assignment is sufficient to invalidate it. 46 Ark. 409; 53 Ark. 86; 51 Ark. 60. The money of the wards of C. R. Adams was misappropriated by him, and made a part of the original capital on which business was begun, and he cannot now shift the liability to these wards upon the firm, and thereby pay his debt at the expense of firm creditors. 21 Wall. 286; 26 Fed. 70; 2 Duvall, 169; 5 Bush, 552; 7 Biss. 171; 19 S. E. 196; 24 *ib.* 109; 18 S. C. 426–7; 20 Wis. 530; 107 Ill. 588; 12 Kas. 596; 79 Mo. 562. There is no evidence of the indebtedness, executed by the firm; and it does not appear that the wards had become of age or the guardianship terminated. Hence they had no right to demand any payment of money. 63 Ark. 223; 61 Mo. App. 561. The conveyance to Seay was a part of the assignment, since the two transactions have a common origin and purpose, and are so closely connected in point of time. 54 Ark. 8; 45 Ark. 28; 18 Ark. 65, 76; 26 *ib.* 240, 249; 28 *ib.* 387, 393; 49 *ib.* 324; 52 Ark. 36, 42 and 43; 59 Ark. 273; 49 Fed. 401; Burrill on Assignments, § 128; *ib.* cases cited in notes, p. 185; 30 Ala. 193; 2 Sarg. & R. 326; 25 Fed. 71; 129 U. S. 329; 120 Ill. 208; 42 Me. 445; 23 Fed. 525; 23 Pick. 450; 46 Ark. 409. The non-compliance with the provisions of the statute renders the deed fraudulent. 52 Ark. 36, 42, 43; 54 Ark. 8. The deed of assignment falls within the rule established in *Churchill* v. *Hill*, and is invalid for the reasons stated in the opinion of the court in that case. The findings of facts and law are not made a part of the bill of exceptions, and will not be considered on appeal. 36 Ark. 495; 59 *ib.* 178; 38 *ib.* 304; 40 *ib.* 256. The bill of exceptions does not negative the giving of other declarations of law, by the court, than those set out. 28 Ark. 60. Presumption of correctness of judgment can only be overthrown by error affirmatively shown. 46 Ark. 209.

*C. V. Teague* and *Wood & Henderson*, for appellants, in reply:

The findings of fact and law are entered at large in the judgment, and that is sufficient    55 Ark. 354.   The evidence does not warrant the assertion that the money of the Archer brothers was put in the business at its outset.   The sale to Seay was consummated before the assignment was executed, and was an absolute sale in satisfaction of a debt, and therefore is not affected by the assignment.    52 Ark. 42; 54 Ark. 8; 59 Ark. 273; 59 Ark. 571; 49 Fed. 401; 59 Ark. 503; 60 Ark. 1; 41 S. W, 581.

BUNN, C. J.    J. H. B. Adams and C. R. Adams, merchants and partners, doing business in the town of Malvern, under the firm name and style of "Adams & Bro.," on the 24th of January, 1894, made a general assignment for the benefit of their creditors, reserving exemptions, and making preference of their creditors, those to be first paid being named in list No. 1,' and the others in list No. 2, the appellee being named in the latter list.

On the same day, the appellee instituted this suit, and procured an order of attachment, on the ground that defendants, Adams & Bro., had "sold and conveyed their property with the fraudulent intent to cheat, hinder and delay their creditors."    The property included in the assignment was attached, and E. H. Vance, Jr., named as assignee in the deed of assignment, in the meantime had qualified as such, and thereupon filed his interplea, claiming the property under the deed of assignment.

The issues made by the complaint and answers, and the affidavits and the countervailing affidavits in attachment, and also by the interplea and answer thereto, were all, by consent, submitted to the court sitting as a jury, and to be heard and determined at one and the same time.   All the evidence in the case having been adduced, the defendants and the interpleader asked the court to make the following declarations of law to-wit:

"(1)   The deed of assignment in this case does not require the assignee to sell the accounts, notes and other choses in action conveyed thereby.   (2)   The deed of assignment intro-

duced in evidence in this case is not invalid by reason of the directions therein contained with reference to the disposition of the property conveyed thereby to the assignee, Vance. (3) The said deed of assignment is valid on its face. (4) If the the court finds that there was no fraud on the part of defendants in making said assignment, and that they did not withhold any of their property from the. same, then the findings must be for the defendants, and the attachments dissolved. (5) If C. R. Adams held in his hands seven hundred dollars or over, as the guardian of John and Charles Archer, and, while the same was so in his hands, the defendants, J. H. B. and C. R. Adams, with a full knowledge of how said money was held by said C. R. Adams, and that it was the property of said John and Charles Archer, agreed among themselves to appropriate said money to their use in their co-partnership business, and did so use the same, then they became liable as partners for said money, and were authorized, under the law, to prefer the said John and Charles Archer in their deed of assignment for that sum.

The court refused to make each and every one of the foregoing as its declaration of law; but found and adjudged as follows [omitting unnecessary parts], to-wit: "That on the 24th day of January, 1894, the defendants, J. H. B. and C. R. Adams, conveyed all their· property to the said E. H. Vance, Jr., as assignee; that they did not withhold any of their property from said assignment; that prior to making said assignment, while they were in an embarrassed condition, and during the time they were discussing such situation among themselves and with their attorneys, but before they had determined to make the assignment, they sold some of their property to one W. S. Seay, for the purpose of paying a *bona fide* debt which they owed him, and that there was no fraud in the transaction of the sale of said property to said Seay; that there were about twenty cords of wood belonging to said defendants near Traskwood in Saline county at the time of making said assignment, but the same was near the line of Hot Spring and Saline counties, and defendants, at the time of making the assignment, believed said wood was in Hot Spring county; that the said J. H. B. and C. R. Adams appropriated to the

use of said firm in their co-partnership business something over seven hundred dollars, which the said C. R. Adams held in his hands as guardian of John and Charles Archer; that, at the time said money was so appropriated by said firm, both the said J. H. B. and C. R. Adams had full knowledge of the fact that said money was the property of said John and Charles Archer, and that the same was in the hands of said C. R. Adams, as their guardian; that the said defendants were entirely free from any fraudulent purpose or intent in making said assignment, or any disposition of their property prior thereto. And, as conclusions of law, the court finds that the said assignment is void for the reason alone that it, on its face, directs the assignee to sell all the property conveyed to him thereby, including the notes, accounts and choses in action, and that the said assignors prefer therein the said John and Charles Archer for their said debt."

The court then rendered judgment dismissing the interplea, and sustaining the attachment, and ordered the property sold accordingly. To which ruling and judgment of the court, in dismissing said interplea, and sustaining the attachments, exceptions were taken and noted, and a motion for new trial filed, which being overruled, and exceptions duly taken, the interpleader and defendants appealed.

The finding of facts, having some evidence to sustain them, and, furthermore, not being the subject of exceptions, will, of course, not be disturbed.

The only questions for our consideration are those which grow out of the declaration of the court below that the assignment is void on its face for directing a disposition of all the property included in the assignment; and as regards the preference of the debt of C. R. Adams as guardian of John and Charles Archer.

*As to the contention and judgment of the court that the language of the assignment as to the disposal of the property rendered the deed void:*

In *Churchill* v. *Hill*, 59 Ark. 54, the deed of assignment provided that the assignee "shall be required to sell all the property assigned to him at public auction within one hundred and twenty days after executing a bond, which he is required

to execute by law." This language was construed to mean that the choses in action, as well as the tangible property, were to be sold at public auction within one hundred and twenty days, and this court held that the law of assignments for the benefit of creditors does not contemplate a sale at public auction of the choses in action, but that the requirement in that respect only extends to the other classes of property the subject of sale usually; and thus, in that case, the deed of assignment was held to be void because of the direction to sell, as stated, all the property, which term included the choses in action also. It requires but a casual glance to see the difference between the language of that assignment and that of the assignment now under consideration. In the latter, after authorizing the assignee to take possession and so forth, the words are, "and thereafter dispose of the same [all the property] in the manner provided by said law."

It is true that our assignment law does not specifically and explicitly provide the manner of disposing of choses in action and evidences of debt generally, and for that reason it was contended in *Churchill* v. *Hill, supra*, that, as the assignment statute contains but one provision on the subject, and that in terms included all the property assigned, therefore the law required choses in action to be disposed of as the other property. It is sufficient to say that this court, in its decision, made the distinction referred to, and our only inquiry now is, whether or not the language in the assignment under consideration directs a sale of the choses in action, as well as that of the other property. We think it clear that it does not, and that therefore the court below was in error in holding the deed of assignment void on that account.

*As to the preference of the debt owing to John and Charles Archer, the wards of C. R. Adams, one of the assignors:*

The findings of the court were, as expressed in the bill of exceptions, as follows, to-wit: "That the said J. H. and C. R. Adams appropriated to the use of said firm in their co-partnership business something over seven hundred dollars, which the said C. R. Adams held in his hands as guardian of John and Charles Archer; that, at the time said money was so appropriated by said firm, both the said J. H. and C. R. Adams

had full knowledge of the fact that said money was the property of said John and Charles Archer, and that the same was in the hands of said C. R. Adams as their guardian." This language has given rise to some controversy among us to determine certainly whether or not the findings of the court were to the effect that the use of this trust fund and its appropriation to the business of the partnership by the partners, with full notice of its character, constituted it a partnership debt, or that it was at last only so much money contributed by C. R. Adams, as one of the firm, to the capital of the firm, and that it therefore was only an individual debt owing to C. R. Adams primarily. A majority of us, however, construe the language of the findings of the court to mean that the debt was a partnership debt, and therefore the lawful subject of the preference given to it in the deed of assignment. The court, therefore, erred in holding that this preference rendered the deed of assignment invalid.

For the error named, the judgment is reversed, and the cause remanded for a new hearing.