NOYES et al. v. NEEL.

(Circuit Court of Appeals, Eighth Circuit. March 12, 1900.)

No. 1,233.

1. GENERAL ASSIGNMENT FOR BENEFIT OF CREDITORS—DISPOSITION OF PROPERTY BY ASSIGNEE—CONSTRUCTION—VALIDITY.

A general assignment for the benefit of creditors, made in Indian Territory, which empowers the assignee to carry out the trust in conformity to the laws of the United States in said territory, and providing that the assignee shall within 120 days sell all of the property therein conveyed, at public auction, and pay the proceeds to the creditors of the assignor, is to be construed as intending that the assignee shall dispose of the property according to the laws of the territory, and therefore is not invalid because of the direction to the assignee to sell all of the property at public auction, contrary to Mansf. Dig. Ark. c. 8, § 307, in force in the Indian Territory, which makes it the duty of the assignee to collect the assignor's choses in action.

2. SAME—VALIDITY—ASSIGNEE'S BOND—APPROVAL.

The omission of the clerk of the United States court for the Indian Territory to indorse his approval upon the bond of an assignee under a general assignment for the benefit of creditors, as required by Mansf. Dig. Ark. § 305, will not invalidate the assignment, in the absence of a statute making such indorsement the sole evidence of approval, where it appears that the bond has been approved by the judge, and, because of such approval, accepted by the clerk as a good bond, and filed by him.

In Error to the United States Court of Appeals in the Indian Territory.

Clifford L. Jackson (Harrison O. Shepard, on the brief), for plaintiffs in error.

R. Sarlls, C. B. Stuart, and J. H. Gordon, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. On the argument of this cause it was stated, in substance, by counsel for Noyes, Norman & Co., the plaintiffs in error, that the principal questions in the case which they desired to have determined were: First, whether a voluntary deed of assignment which was executed by N. B. Guy on December 10, 1895, and under which J. F. Neel, the assignee therein, laid claim to the property in controversy, was a valid instrument; and, second, whether the bond of said assignee was sufficiently approved to en-

able him to assert a title to the property. We shall accordingly confine our decision to these points.

Chapter 8 of Mansfield's Digest of the Statutes of Arkansas is in force in the Indian Territory, by force of congressional action, and constitutes the law of the territory concerning assignments. 26 Stat. 94, 95, c. 182, § 31. Section 309 of that chapter, which was enacted in 1859, empowers an assignee under a voluntary assignment "to sell all the property assigned to him for the payment of debts at public auction within one hundred and twenty days after the execution of the bond required by this act," whereas section 307 of the same chapter, which is a part of a later enactment, by its phraseology implies that an assignee shall not sell choses in action which come to his hands, but that his duty with respect thereto is to collect them. It has accordingly been held by the supreme court of the state of Arkansas, in Churchill v. Hill, 59 Ark. 54, 64, 26 S. W. 378, that the later enactment, to wit, section 307, amends, or, rather, repeals, section 309, in so far as they are in conflict, and that an assignee under a voluntary assignment should not sell choses in action belonging to the insolvent estate within 120 days, but should collect them, and, if he is unable to collect the same, should report that fact to the court, and take credit for such as are not collectible.

The assignment by Guy to Neel, which is involved in the present case, contains the following clause:

"Whereas, the party of the first part is largely indebted to numerous persons, in the sum of about $25,000.00, the party of the first part executes and delivers this indenture to the party of the second part, his assignee, for the benefit of his creditors, and hereby empowers his said assignee to carry out this trust by conforming to the laws of the United States in said territory: provided as follows: My said assignee, after executing a good and sufficient bond, and filing an inventory, shall within one hundred and twenty days sell all of the property herein conveyed, at public auction, and pay the proceeds to my creditors as herein provided."

It is insisted on behalf of the plaintiffs in error that because of the proviso authorizing the assignee to sell all of the assignor's property, including his choses in action, within 120 days, the assignment provides for a different disposition of the insolvent's estate than that contemplated by the statute, and is therefore fraudulent and void. Churchill v. Hill, 59 Ark. 54, 26 S. W. 378, is cited in support of that proposition, and is the case chiefly relied upon. The clause in the deed of assignment that was considered in Churchill v. Hill, supra, and held to avoid the assignment, although not the same, is similar to the clause above quoted, which is found in the deed of assignment on which Neel, the assignee and the defendant in error, founds his right to recover the assigned property in the case at bar. The decision in Churchill v. Hill was not promulgated, however, until nearly four years after the Arkansas statute concerning assignments was extended over the Indian Territory; and for that reason it is merely persuasive authority, and does not preclude the courts of the Indian Territory, nor this court, from expressing an independent opinion upon the question whether the clause contained in the deed of assignment is so far obnoxious to the statute as to invalidate the instrument. We conclude, after a careful reading of

the assignment, that it was not the purpose of Guy, the assignor, to direct his assignee to make a different disposition of the assigned property and effects, or any part thereof, than that prescribed by the statute concerning assignments. It will be observed that he first empowered his assignee "to carry out this trust by conforming to the laws of the United States in said territory," from which it is manifest that the subsequent direction to sell the property within 120 days at public auction was inserted by the assignor or his attorney upon the assumption that that was the method of disposition enjoined by the statute. Nor is it by any means strange that such a mistake was made, since it would not be immediately apparent to any one who consulted the statute concerning assignments that the positive requirement of section 309, "to sell all the property assigned to him for the payment of debts at public auction within one hundred and twenty days after the execution of the bond," had been modified by implication by the provisions of section 307. Many lawyers would probably have accepted that construction of the statute with grave doubt, even if they did not reject it altogether. In our opinion, it was the duty of the assignee who was named in the assignment to dispose of the assigned property and effects according to the provisions of the local assignment law, because the paramount direction given by the assignor to his assignee was to carry out or execute the trust in conformity with the laws of the territory. And the subsequent language which was employed should not be construed as containing a contrary direction, when it appears that in so far as the last direction was in conflict with the first, or in seeming conflict with it, it was superinduced by a mistake made by the assignor or his attorney in interpreting the statute. The rule upon which courts always act in construing contracts and all other written instruments is to give them effect according to the intention of the parties, as it may be collected from the four corners of the instrument and surrounding circumstances. And where an assignment for the benefit of creditors is concerned, and the instrument is of doubtful meaning or ambiguous, the court should rather lean to that construction which will render the assignment operative, than to one which will render it nugatory. We are of opinion, therefore, that the assignment in question should be read as requiring the assignee to dispose of the assigned property and effects according to the provisions of the local assignment law, properly construed; and when thus read it is a valid conveyance.

The assignment to Neel, and his title derived therefrom, are further challenged by the plaintiffs in error because the clerk of the United States court in the Indian Territory did not formally indorse on his bond as assignee the fact that it was approved by him. The statute concerning assignments (Mansf. Dig. § 305) provides, in substance, that before an assignee shall take possession, sell, or control any of the assigned property, he shall be required to file in the office of the clerk of the court exercising equity jurisdiction a full and complete inventory of the property, and make and execute a bond in double the estimated value of the property covered by the assignment, with good and sufficient security, to be approved by the clerk

of said court. In the case at bar the judge of the United States court in the Indian Territory, in which the assignment was pending, indorsed his approval upon the bond which was tendered by the assignee; and two days later it was presented to the clerk of said court, who accepted it and filed it among the papers in the case, and made an indorsement on the bond to that effect. He did not, however, write over his signature the word "Approved." The clerk testified that when the bond was handed to him, and he saw that the judge had indorsed it, "Approved," he considered it a good bond, and therefore filed it. An indorsement on a bond, by an officer who is authorized to approve it, of the word "Approved," is clearly not essential, inasmuch as such an indorsement is merely evidence of his approval, which fact may be established by evidence aliunde unless some statute makes such indorsement the sole proof that the instrument has been approved. No such statute was in force in the Indian Territory. Therefore it was competent to show by the acts or declarations of the clerk that he approved the bond, and the fact that he accepted it without questioning its sufficiency, and that he placed it on file as a part of the proceedings in the cause, was competent evidence from which an approval by the clerk could be inferred. It has been held in a number of cases that when a clerk or other officer is required to file a paper, or make a given entry on the filing of a paper or document, a person dealing with such officer discharges his full duty, and is entitled to protection, when he delivers the document or paper to the officer and tenders his legal fees, and the officer accepts the document or paper so handed to him. Oats v. Walls, 28 Ark. 244; Camp v. Gullett, 7 Ark. 524; Petray v. Howell, 20 Ark. 615. We are of opinion, therefore, that the acts of the clerk in the present instance should be held tantamount to an approval of the assignee's bond. It results from what has been said that the judgments of the United States court in the Indian Territory and of the court of appeals in that territory should be affirmed, and it is so ordered.