RAINWATER–BRADFORD HAT CO. et al. v. McBRIDE et al.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

No. 1,703.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—VALIDITY—LAWS OF INDIAN TERRITORY.

A deed of general assignment made under the statute in force in Indian Territory relating to assignments (Mansf. Dig. Ark. c. 8) is not void on its face because of a provision directing the assignee to sell "all the property" assigned to him, at public auction, contrary to section 307 of the statute, which requires him to collect choses in action, where such direction is immediately followed by a provision that the assignee "shall, in executing this trust, be governed in all things by the laws regulating assignments for the benefit of creditors now in force in the Indian Territory."

2. SAME—OMISSION OF PROPERTY.

The omission from a deed of general assignment of a claim for compensation for personal services to be performed by the assignor under an indivisible contract, which services had not been completed, did not render the assignment invalid, since the assignor had no claim at the time which he could transfer by the assignment.

Appeal from the United States Court of Appeals in the Indian Territory.

On the 3d day of January, 1893, D. W. Hodges, a merchant of Lehigh, Ind. T., being largely indebted, executed his deed of assignment of that date, whereby he conveyed all his "property, real, personal, and mixed, choses in action, debts, dues, assets, and demands, of every nature, kind, and description, wheresoever the same may be, except such property as is by law exempt to me," to W. A. McBride, his successors and assigns, in trust for the benefit of the creditors of said Hodges. Said deed of assignment contained the following provision: "Said assignee, McBride, is required to sell all the property herein assigned to him for the payment of debts, at public auction, one hundred and twenty days after the execution of said bond required herein; and he shall give at least thirty days' notice of the time and place of such sale, and shall, in executing this trust, be governed in all things by the laws regulating assignments for the benefit of creditors now in force in the Indian Territory." On August 10, 1893 (Hodges having in the meantime died), the appellants (complainants below) began this suit against the assignee, W. A. McBride, Alice Hodges, widow of the assignor, and others, and by their second amended bill alleged that certain of the complainants were judgment creditors having unsatisfied judgments against said Hodges, and that said deed of assignment was fraudulent and void, and made to defraud the creditors of said Hodges, and that property of said Hodges that should have passed by such assignment was intentionally omitted and withheld from the schedules and inventory filed by the assignee, and that said assignee had in many specified ways been guilty of mismanagement and betrayal of his trust. Decree was prayed adjudging that the said assignment was fraudulent and void, and enjoining defendants from disposing of or interfering with the property, and appointing a receiver of the property, and for other relief. Issues were formed by the answers of the defendants, McBride, Alice Hodges, and other defendants; and after certain proceedings, in which said McBride was removed, and one R. Sarlls appointed as assignee in his stead, on March 6, 1897, the cause was duly referred to William Costigan as special master to take the testimony in the cause, and from the evidence and the law to make and report to the court his findings of fact and conclusions of law. Such report was filed June 28, 1899, and in it the special master found the facts in favor of the defendants, and, as conclusions of law, that the deed of assignment was good on its face, and should not be set aside. The complainants in due time filed exceptions to the master's report, which were overruled by the court, and on March 22, 1900, decree was duly entered that the complainants take nothing by their suit, and that the defendants recover their costs, and that Sarlls, the substituted assignee, proceed to discharge the duties imposed on him by the deed of assignment. The complainants appealed from said decree to the United States court of appeals for the Indian Territory, which at the October, 1901, term of that court duly affirmed such decree and judgment. Hat Co. v. McBride, 64 S. W. 556.

Joseph G. Ralls, George A. Pate, Napoleon B. Maxey, and Harrison O. Shepard, for appellants.

George A. Mansfield, J. F. McMurray, and Melven Cornish, for appellees.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

The first assignment of error assails the confirmation by the court of that part of the report of the special master which in effect sustains the validity of the deed of assignment, as executed; holding

that whatever is questionable in the clause providing that the assignee shall sell all the property at public auction within 120 days after the execution of his bond is cured by the next clause, which requires that the assignee "shall, in executing this trust, be governed in all things by the laws regulating assignments for the benefit of creditors now in force in the Indian Territory." Chapter 8 of Mansfield's Digest of the Statutes of Arkansas, in force in the Indian Territory (26 Stat. c. 182, § 31), contains the law of that territory on the subject of assignments. Section 309 of that chapter empowers the assignee "to sell all the property assigned to him for the payment of debts, at public auction, within one hundred and twenty days after the execution of the bond required by this act," while section 307 of the same chapter—a later enactment—contemplates that the assignee shall not sell choses in action, but shall collect them. Appellants' counsel claim that the clause in this deed of assignment providing that the assignee shall sell all the property assigned, at public auction, within 120 days, etc., authorizes and directs him to sell the choses in action assigned, contrary to the purport of section 307, above referred to, and that thereby the deed of assignment is invalidated. Churchill v. Hill, 59 Ark. 54, 26 S. W. 378. But in the deed of assignment before the court in the case just cited, the assignee was, in terms, required to sell all the property assigned, within 120 days after executing his bond. The court said:

"The words 'all property assigned to him' necessarily included the choses in action. The assignee was required to sell them. The language of the deed to that effect is clear and unambiguous, and there is nothing in it to indicate a contrary intention."

That deed contained no provision like that found in the deed in the present case, requiring the assignee in the execution of the trust to be governed in all things by the laws regulating assignments for the benefit of creditors.

So in Pace v. Drug Co., 48 S. W. 1061, the court of appeals of the Indian Territory held that a deed of assignment in which the only clause respecting the disposition of the assigned property was as follows: "After filing said inventory and description of said property, and executing and filing said bond as required by law and complying with the requirements of the law in such cases, T. T. Pace is hereby authorized and empowered to take possession of said property and to sell the same as required by law, and to receive the proceeds thereof,"—was invalid, because the power and direction to sell, by the terms made use of, included choses in action with the other property, in contravention of section 307 of the statute referred to.

But in Noyes v. Guy, 48 S. W. 1056, decided on the same day with the case last cited, by the same court of appeals of the Indian Territory, the deed of assignment had the following provision:

"And hereby empowers his said assignee to carry out this trust by conforming to the laws of the United States in said territory, provided as follows: My said assignee, after executing a good and sufficient bond and filing an inventory, shall within one hundred and twenty days sell all the property herein conveyed at public auction, and pay the proceeds to my creditors, as herein provided."

The court sustained the deed of assignment, holding that the clause empowering the assignee to carry out the trust by conforming to the laws of the United States in said territory was proper, and by itself was sufficient, and that, if this clause was rendered ambiguous by the proviso, such construction should be given to the whole as would support the deed and render it legal and operative, rather than a construction which would invalidate it. This case of Noyes v. Guy was brought to this court by writ of error and the judgment of the court of appeals of the Indian Territory was affirmed. Noyes v. Neel, 100 Fed. 555, 40 C. C. A. 539. The decision just referred to is conclusive against the argument of appellants that the deed of assignment in the present case was void upon its face.

Other assignments of error based on the contention that the assignment of Hodges to McBride was fraudulent because there was an intentional withholding by the assignor of unexempt property, with the knowledge and assent of the assignee, are not sustained by the evidence in the record. One of the items so claimed to have been withheld was a claim of the assignor, D. W. Hodges, against the Choctaw Nation for $15,000 for services as delegate or agent of that nation in respect to its claim against the United States for what was called the "Leased District Money." The evidence shows that the services of Hodges as delegate or agent in that matter were not completed when he executed the deed of assignment. As the services to be performed were the personal services of Hodges, he could not transfer the unperformed contract to his assignee, nor authorize the latter to act in his stead; and as the compensation was entire, indivisible, and only payable upon full performance, Hodges at the time of his assignment had no claim against the Choctaw Nation which he could transfer to his assignee or to any one. The services were afterwards completed, whereupon Hodges became entitled to compensation; but this was an after-acquired right, to which the assignment did not attach.

The only other property claimed to have been improperly withheld from the assignee was an alleged interest of Hodges in a coal-mining claim in the town of Lehigh, known as "Coal Claim No. 6." The evidence in respect to this shows that, at the time the deed of assignment was executed, Hodges had no interest in this mine; that the title to the mine was then in litigation between other parties, and that Hodges was to be a witness for one of these parties to prove the location of the mine; and that in compensation for the testimony of Hodges, so to be given, such party agreed that, in case of success in the litigation, Hodges should be given a small designated interest in the mine. It is needless to say that under this unexecuted agreement, so manifestly illegal and immoral that no court would ever enforce it, even after Hodges should have given his testimony, he had no shadow of interest in that mine which he could transfer to his assignee. That the litigation was settled subsequently, and Hodges in some unexplained way got some interest in the mine, which he sold for $400, is another case of after-acquired property. Some evidence was received respecting an interest of Hodges in coal claim No. 7. But this claim was not mentioned in the bill, and the evidence

showed that whatever interest in that mine stood in the name of Hodges belonged in fact to his bookkeeper, Martin, who obtained whatever it was afterwards sold for.

The only other matter urged against the assignment is that the assignee, before giving his bond and filing the inventory, took possession of the assigned property. The finding of the special master against this contention is well supported by the evidence. The only claim in respect to this was that the assignee, before qualifying, had employed one Pate, an attorney, to collect some outstanding claims. The testimony of the assignee was direct and positive that he did not so employ him until after he had fully qualified. The only other testimony on the subject was that of Pate, which was so vague, uncertain, and in some respects contradictory, that it did not tend to prove anything.

This disposes of all the questions presented by this appeal, and the decree appealed from is affirmed.