JOSEPH JUDD, TRADING AS JUDD BROTHERS, PLAINTIFF-RESPONDENT, v. J. W. FORSINGER COMPANY, DEFENDANT, AND CENTRAL RAILROAD COMPANY OF NEW JERSEY, GARNISHEE-APPELLANT.

Submitted January 31, 1936—Decided July 31, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *William F. Hanlon* (*Charles E. Miller*, of counsel).

For the respondent, *Martin P. O'Connor*.

The opinion of the court was delivered by

HEHER, J.   Moneys in the hands of appellant, Central Railroad Company of New Jersey, asserted to be the property of the debtor, J. W. Forsinger Company, were seized under a writ of attachment issued out of this court on December 7th, 1933, at the suit of the respondent, the creditor.   Judgment for the latter was subsequently entered, and for the purpose of executing the judgment by the appropriation of the attached moneys to its satisfaction, he caused a writ of *scire facias* to be issued.

There was a motion to quash the *scire facias* upon the ground that the judgment debtor, on February 28th, 1933, prior to the issuance of the attachment, by deed of trust executed and delivered at the city of Chicago, in the State of Illinois, the *situs* of its principal place of business, assigned all its property, real and personal, including, so it is said, the moneys here attached, to assignees for the benefit of its creditors; and the decisive question, it is agreed by counsel for the litigant parties, is whether this assignment is valid.

The insistence of the respondent judgment creditor is that the deed of trust contravenes the provisions of the pertinent statute of the State of Illinois, where the assignment was made and delivered and the assignor is domiciled, and, as well, the public policy of this state declared in our Assignment act (1 *Comp. Stat.* 1910, *p.* 114), as amended by chapter 234 of the laws of 1928 (*Pamph. L., p.* 410), and our judicial pronouncements on the subject, in that it authorizes the assignees to grant a preference to the assignor's attorney, and "to give consignment or other creditors priority over general creditors in the distribution of the assets of the estate," and provides that "their decision in connection with the foregoing shall

be final and binding." It is pointed out that our statute (section 1) provides that such assignment shall be made for the "equal benefit" of the debtor's creditors, "in proportion to their several demands, to the net amount that shall come to the hands of such assignee for distribution, and all preferences attempted to be made in such assignment of one creditor over the other, or whereby any one creditor shall be first paid or have a greater proportion in respect of his claim than another, shall be deemed fraudulent and void, and shall render such assignment void." 1 *Comp. Stat.* 1910, *p.* 114. It is also urged that in several other particulars, such as the provision prohibiting the sale in bulk of the debtor's assets without notice to all the creditors and the consent of a creditor's committee therein appointed, and that permitting the assignees to continue the business, the deed of trust is violative of the provisions of the Illinois statute; and that the failure of proof of the recording of the assignment, as required by that statute, rendered it ineffective as to respondent.

Ordinarily, the validity of an assignment for the benefit of creditors is determined by the law of the state in which it is made. It is the general rule that a voluntary assignment for the benefit of creditors of all the chattels and other movables of a debtor, valid in all respects where made, is effective there and in other state jurisdictions to transfer all the interests in the chattels and other movables of the debtor, provided the law or declared public policy of such state is not thereby infringed. A state in which a chattel of the debtor is situate may grant a preference respecting it to local attaching creditors or decree that all creditors shall have a common equal interest therein. *Varnum* v. *Camp,* 13 *N. J. L.* 326; *Frazier* v. *Fredericks,* 24 *Id.* 162; *Moore* v. *Bonnell,* 31 *Id.* 90; *In re Browning Brothers,* 66 *N. J. Eq.* 302; *Van Winkle* v. *Armstrong,* 41 *Id.* 402; *Green* v. *Wallis Iron Works,* 49 *Id.* 48; *Hutcheson* v. *Peshine,* 16 *Id.* 167; *Conflict of Laws, A. L. I.,* § 263; 5 *C. J.* 1165 *et seq.; Beale's Conflict of Laws* 987. Professor Beale notes, however, that a chose in action, having no actual *situs,* is effectually assigned and

will be so recognized in every jurisdiction, when it is validly assigned by the law of the state of the debtor. See, also, 5 *C. J.* 1169. Although not expressly authorized by our Assignment act, it would seem that the giving of priority to consignment creditors, or those of like status, is not violative of its general scheme and policy. It has been held that where the assignor has been entrusted with goods or money in a fiduciary capacity, and still possesses the property or has appropriated it, or the proceeds thereof, to his own use, it is entirely proper to provide in the assignment for an appropriate preference of the debt or obligation thus arising. See *Smith* v. *Perine,* 121 *N. Y.* 376; 24 *N. E. Rep.* 804; *Cohen* v. *Morehouse,* 3 *N. Y. Supp.* 313; *affirmed,* 127 *N. Y.* 669; 28 *N. E.* 255; *Tilford's Case,* 8 *Watts* (*Pa.*) 531; *Adams* v. *Allen-West Comm.,* 64 *Ark.* 603; 44 *S. W. Rep.* 462.

But this inquiry need not be pursued. Concededly, the assignment was made under the statute of Illinois; and the validity of the instrument must needs be determined by that enactment. It is not, in the circumstances, permissible to apply the common law tests. The agreed state of the case, which incorporates the minutes of the proceedings on the hearing of the motion, recites that the Assignment act of Illinois was introduced in evidence by the respondent. But it affirmatively shows that neither party adduced further proof of the requirements of a valid deed of assignment for the benefit of creditors under the law of that state. The state of the law of a sister state in reference to a given subject is a factual inquiry. Its ascertainment requires more than the production of the pertinent statute, for that merely provides the words in which the law is written; "the question to be determined is not what the language of the law is, but what the law is altogether, as shown by exposition, interpretation and adjudication." *Coral Gables, Inc.,* v. *Kretschmer,* 116 *N. J. L.* 580; 184 *Atl. Rep.* 825; *Title Guarantee and Trust Co.* v. *Trenton Potteries Co.,* 56 *N. J. Eq.* 441; *Fithian* v. *Pennsylvania Railroad Co.,* 91 *N. J. L.* 275; *Robins* v. *Mack International Motor Truck Corp.,* 113 *Id.* 377.

It is to be remarked here that there is a fundamental distinction between the common law or voluntary assignment and an assignment under an insolvency statute. In the case of the latter, the prevailing rule is that the law operates only upon property within the jurisdiction in which the assignment is made, and that, with respect to property in other jurisdictions, it is given only such effect as the laws thereof permit, and must give way to claims of creditors pursuing their remedies there. *Beale's Conflict of Laws* 987; 2 R. C. L. 687.

The record therefore does not sustain appellant's contention that, prior to the issuance of the writ of attachment, there had been an assignment, valid under the law of the State of Illinois, of the moneys in its hands belonging to the Forsinger Company to trustees for the benefit of its creditors; and we are not required to determine the question of whether the assignment is repugnant to our law or public policy.

We think it is incumbent upon one thus seeking to arrest the operation of our attachment statute to establish the validity of the assignment under the laws of the place where made and, as well, its legal effect in that jurisdiction, particularly upon pending attachment proceedings. No presumption of such validity or as to the legal effect of the assignment will be indulged. The efficacy of such assignment, purely voluntary in character and effective without judicial action, depends upon its validity under the laws of the state where made. This validity is a *sine qua non* to recognition by other jurisdictions. And its legal effect is likewise so determined. These doctrines are implicit in the general pertinent principles adverted to. It is to be remarked here that, so far as the record discloses, the assignees have not interposed either a defense to the action or claim to the fund at issue. It results that the judgment should be affirmed.

Judgment affirmed, with costs.