LITTLE
ROCK,
Jan'y 1839

FISHER
*vs.*
HALL &
CHILDRESS.

CHARLES FISHER *against* HALL & CHILDRESS.

ERROR *to Washington Circuit Court.*

The Circuit Court has no jurisdiction of a suit upon a writing obligatory for one hundred dollars; and jurisdiction is not given though the plaintiff declares for principal and *interest,* and so claims more than a hundred dollars.

The legislature may change and modify the proceedings and practice of the courts, but cannot interfere with their constitutional powers or jurisdictions.

All the courts of this state, are courts of limited and prescribed jurisdiction. Therefore, if on the face, or from the construction of the record and proceedings, it appears that a court has no jurisdiction, the case must be dismissed on motion.

Debt, in the court below, against the plaintiff in error, on a writing obligatory for one hundred dollars. The declaration demanded for principal and interest. Motion to dismiss for want of jurisdiction overruled; and demurrer sustained to a plea to the jurisdiction.

WALKER, for plaintiff in error:

Has the circuit court jurisdiction of a writing obligatory for the sum of one hundred dollars? It is insisted by the plaintiff in error, that the court should have sustained his motion to dismiss the suit. That advantage may be taken of want of jurisdiction, by motion, is determined by the court in the case of *Berry* vs. *Linton.* It is also decided in that case, that the amount in controversy is determined by the contract set forth in the declaration, and not by the sum demanded. In addition to cases cited in *Berry* vs. *Linton* it is expressly decided in *J. J. Marshall, p.* 61, that interest forms no part of the contract, and that a justice of the peace may render judgment on a note or bond where the sum set forth in the note or bond is within the justice's jurisdiction, even though the interest when added to the principal, would make a sum exceeding the justice's jurisdiction. The want of jurisdiction may be reached by plea in abatement. The plea filed is defective in no particular unless the court had jurisdiction of that amount. The authorities referred to, together with the constitution, which declares that justices of the peace shall have exclusive jurisdiction in all such cases, where the sum in controversy is one hundred dollars and under, are clear on this point. This was a sum of one hundred dollars, and that was the sum in controversy. The pleader, by declaring "that he render the one hundred dollars and interest thereon," clearly betrays

LITTLE
ROCK,
Jan'y 1839

FISHER
vs.
HALL &
CHILDRESS.

consciousness of the defect of jurisdiction. It is insisted that to have inserted the probable amount of costs, for the purpose of giving jurisdiction, would have availed just as much. They are both legal consequences, which follow the rendition of judgment.

LACY, *Judge*, delivered the opinion of the court:

This was an action of debt, founded on a writing obligatory. The declaration contains but one count, and is in the usual form, except it demands the interest together with the principal, thereby endeavoring to confer an original jurisdiction on the Circuit Court, which otherwise it does not possess.

At the return term of the writ, the defendant appeared in the court below, and filed a motion to dismiss the cause for want of jurisdiction, which motion was overruled. He then put in a plea to the jurisdiction of the court, to which there was a demurrer, and judgment entered up against the sufficiency of the plea, and in favor of the plaintiffs. To reverse the judgment thus rendered, the defendant now prosecutes his writ of error in this court. The record raises, and the assignment of errors presents but a single question for adjudication and and decision, which is, had the Circuit Court that tried the cause, original jurisdiction of the matter? This can only be determined by a reference to the constitutional provisions organizing and establishing the judicial department of the government, and defining and limiting the peculiar and special jurisdiction of each and all of the courts. The whole judicial power of the state is vested by the constitution in one Supreme Court, in Circuit Courts, in County Courts, in Probate Courts, and in Justices of the Peace. See ART. VI, Sec. 1, and Sec. 10. The jurisdiction of the Supreme Court is co-extensive with the State, and is declared to be appellate only, except in the enumerated cases specified in the constitution, and in that enumeration there are but few cases where their jurisdiction can be considered as strictly original. In every other instance, their jurisdiction has exclusive reference to their appellate powers, and is given in aid of them, with the view of correcting and controlling the errors and illegality of the other inferior tribunals for the purpose of enforcing its own authority or mandates. To enlarge or diminish its powers beyond the express grant of the constitution, or the necessary incidents that fall within the scope of its meaning, would be to substitute and create a new jurisdiction, unknown to the constitution itself, and in violation of its authority;

and such a construction would destroy the appellate character of the court; and confer upon it all original jurisdiction, which certainly never was the intention or design of the constitution. See Art. vi, Sec. 2, of the constitution.

LITTLE ROCK,
Jan'y 1839
FISHER
vs.
HALL &
CHILDRESS.

The Circuit Courts possess original jurisdiction of all criminal cases not otherwise provided for by law, and exclusive original jurisdiction of all crimes amounting to felony at common law, and original jurisdiction in all matters of contracts where the sum in controversy is over one hundred dollars, and original jurisdiction in all·civil cases which shall not be cognizable before the justices of the peace, unless otherwise directed by the general assembly. Sec. 3. Art. vi, of the constitution. Its original jurisdiction is by far more comprehensive and exclusive than that of any other court, for it extends to all criminal cases; and to civil cases, where the amount in dispute is over one hundred dollars.

To assume, then, for any legal tribunal, a jurisdiction greater, or less than is conferred upon it by the constitution, or than is given by its plain and obvious intent, is virtually to abrogate and destroy all the distinc-- tions and divisions of each separate constitutional jurisdiction between· the several and respective courts, and thus, by intendment and con- struction, *pro tanto*, to ordain and establish a wholly different will, or rule of action, from the one laid down and enjoined by the constitution.

To elucidate the principle by the case now under consideration: The declaration shows that the sum sued for was one hundred dollars; for the demand for the interest with the principal, cannot change or alter the jurisdiction of the Circuit Court, as it is the amount or charac- ter of the contract, and not interest, that enters into the controversy, and gives cognizance of the cause. If this be the case, and it most assuredly is, then to allow the Circuit Court to take and exercise origi-- nal jurisdiction in the present case, is clearly to violate one of the most express provisions of the constitution, which declares it shall have no original jurisdiction in matters of contract, unless the sum is over one hundred dollars. Besides, such a construction would erase one of its clauses, which makes the matter now in controversy exclusively cog- nizable in the first instance before a justice or justices of the peace. See Art. vi, Sec. 15, of the constitution. It is deemed unnecessary to enlarge upon this branch of the subject, for such a mode of interpreta- tion, if applied to the constitution, would virtually repeal it, and pro- duce great confusion and injustice in all legal proceedings. The

LITTLE
ROCK,
Jan'y 1839

FISHER
vs.
HALL &
CHILDRESS.

convention intended to erect separate legal tribunals for the trial of all causes, whether civil or criminal; and they have done so by clear and positive terms, and it has apportioned the whole judicial power among several sets of magistracy, and any legislative restrictions or limitations whereby their constitutional jurisdictions would be either impaired, altered, or abrogated, would be wholly void, being repugnant to the original grant of power.

The general assembly, doubtless has the right to change or modify the proceedings or practice of the courts, but in doing so, they cannot touch, or interfere with their constitutional powers or jurisdictions, for the moment they do, their acts become mere nullities, and the judiciary is bound by the most sacred and solemn obligations, so to consider and treat them.   This position stands upon the highest authority, and is recognized by every principle of legal right and justice.   If one court has the right by implication or legal inference of assuming a jurisdiction not warranted by the constitution, surely, all the rest have an equal right, and hence, in the exercise of their powers, we would have that confusion and conflict of jurisdictions, which was the special intention and care of the convention to guard against and prevent.

The judiciary designed to be established by that body, was a consistent and harmonious whole, each portion of it left free in the exercise of its lawful authority, and the subordinate parts only restrained by a superior jurisdiction, when they attempted to transcend the limits of their constitutional duties.   From this view of the case, it is perfectly manifest that the Circuit Court had no original jurisdiction of the cause, and that the exercise of such power was in express violation of the constitution, and consequently null and void.

As all our courts are courts of limited and prescribed jurisdiction, if the record and proceedings show on their face or from their construction, that the court before whom the cause is pending had no jurisdiction of the matter, the defect may be taken advantage of, by a motion to dismiss, for if the court had no authority to try the case it can pronounce no valid judgment.

The court below, therefore erred in not sustaining the defendants' motion to dismiss, and consequently, the judgment must be reversed with costs, the cause remanded to be proceeded in according to the opinion here expressed, which is, that the case be dismissed, for want of jurisdiction.