Mr. Justice Walker delivered the opinion of the Court. This was an action of trespass for taking and converting the goods of the plaintiff. The defendant attempted to justify the taking under process from a justice of the peace. The pleas are formal, but the objection urged on demurrer is that the cause of action, on which the action before the justice was brought and on which judgment was rendered, was a matter of contract where the sum claimed exceeded one hundred dollars. The defendant admits'that, if this be true, his defence is not good, but he insists that the amount claimed does not exceed one hundred dollars. So that the only question at issue is the true amount claimed. It appears from the pleading (and the facts are admitted by demurrer) that the suit before the justice was instituted on the following instrument: “On or before the 1st of January, 1840, I promise to pay Solomon Hudspeth ninety-five dollars in good paper currency at par, bearing ten per cent, from date till paid, for value received from him. Witness my hand and seal, this 1st day of January, 1842. (Signed,) Andrew Howell, [seal.]” On the 28th December, 1846, the defendant made an affidavit before the justice upon which a writ of attachment issued, in which he stated on oath that, as administrator of the estate of Hudspeth, the plaintiff was indebted to him the sum of seventy-eight dollars, twelve and one-half cents, the principal of a note of hand, with interest at the rate of ten per cent, from the date of the note. It further appears that a writ of attachment issued on said covenant, and on .the affidavit aforesaid, and that thereafter the justice rendered judgment that the “plaintiff recover of the defendant the sum of seventy-eight dollars, twelve and a half cents, his debt, and the further sum of thirty-nine dollars and eighty-six cents his damages, for the detention thereof.” With these facts before us, the question is, what was the “amount claimed” by the plaintiff in that suit? The instrument sued upon was clearly a covenant, and the judgment should have been rendered in damages. The fact that the justice elected to call it debt, and to divide his judgment into two sums, one of which he described as debt and the other as damages, does not at all affect the question. The demand or sum due, which was properly a sum in damages, as ascertained by the justice, was one hundred and seventeen dollars, ninety-eight and one-half cents. The covenant sued upon was a contract for interest as well as principal. The demand claimed in the affidavit was for both. This case is very different from that of Fisher v. Hall 4 & Childress, 1 Ark. Rep. 275. That suit was brought in the circuit court on a note for the payment of money, it was debt. The note was for one hundred dollars. The law fixing the jurisdiction of justices in such cases, prescribes that in actions of debt, &c., where the debt, balance due, or damages, excluding interest, shall not exceed one hundred dollars, justices of the peace shall have jurisdiction. Under this law, the court held in that case that interest could not be added to the principal so as to give the circuit court jurisdiction; that interest formed no part of the contract. The case is very different here. This is not a proceeding under that section of the statute. When that decision was made, justices of the peace had no jurisdiction in actions of covenant. That jurisdiction has been since conferred, and is in the following language: The General Assembly shall have power to confer such jurisdiction as it may from time to time deem proper on justices of the peace in all matters of contract, covenants, &c., when the amount claimed.does not exceed one hundred dollars. Amendment Const., sec. 3; and 3 sec. chap. 05, Dig., in the language of the constitution confers such jurisdiction where the “amount claimed” does not exceed one hundred dollars. In this instance, the covenant sued on, the affidavit of indebtedness, as well as the judgment, conclusively show that the amount claimed did exceed one hundred dollars. It consequently follows that the justice had no jurisdiction of the case, and that the whole proceeding was irregular and void, and •was no justification to the defendant in taking the property of the plaintiff, as charged in the declaration. The circuit court therefore erred in overruling the plaintiff’s demurrer to the defendant’s pleas of justification: and for this error, the judgment must be reversed, and the cause remanded to be proceeded in according to law.