## MARTIN ET AL. VS. FOREMAN.

By the service of a writ of garnishment, the plaintiffs fix a lien upon any indebtedness of the garnishee to the defendant, and no subsequent arrangement or cancellation of the indebtedness between the garnishee and defendant could destroy the lien. (1 *Eng.* 391; 3 *Ark.* 509.)

The vendor of real estate assures the vendee, at the time of the sale, that there are no judgments against him; but there were judgments at the time constituting an incumbrance on the land—there is not such a failure of consideration as would defeat the collection of notes given for the purchase money. (7 *Eng.* 699; 15 *Ark.* 465.)

The Circuit Court has no jurisdiction where the amount is not over $100. (1 *Ark.* 252, 275; 2 *ib.* 158, 449; 3 *ib.* 494; 4 *Eng.* 465.)

### *Writ of error to Phillips Circuit Court.*

The Hon. GEORGE W. BEAZLEY Circuit Judge.

WATKINS & GALLAGHER and PALMER for the plaintiffs.

CUMMINS & GARLAND for the defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Martin and Bell, surviving partners of the firm of Martin, Underhill & Co., brought assumpsit, by attachment, in the Phillips Circuit Court, against Swank & Miller; and John J. Foreman was summoned as a garnishee. The writ was served on him 19th February, 1855. At the May term following, he filed the following answer to interrogatories propounded to him by the plaintiffs.

"To the first interrogatory respondent answers that a short time before I was served with process in this case, (between the first and middle of February, 1855), I purchased from Swank

17

& Miller some town lots in Marianna, for which I executed my note for $100, due January 1st, 1856. I also purchased from *Swank* some other town lots in Marianna, for which I executed my two notes, one for $150, due January 1st, 1856, and the other for $300, due January 1st, 1857. At the time of buying I asked if there were no judgments against them, (Swank & Miller,) and Swank assured me most positively that there were none: I then purchased upon his so representing the matter to me. Afterwards Swank came to me and said he was mistaken in his representations to me as to there being no judgment against Swank & Miller. That there were judgments against them at the time he sold to me, of which he was not aware; that he would not hold the trade binding upon me, and that he had directed my notes to be delivered up to me. Which I afterwards received.

To the second interrogatory respondent answers that the trade above referred to was made before the said garnishment, and the notes were delivered up after the garnishment. I further state that I executed another note of about $40 (the exact amount not recollected, being in the hands of J. C. Tappan,) to Swank & Miller. That I had no other moneys, goods, chattels, credits or effects in my hands or possession belonging to said Swank & Miller, or to either of them at the time of the service of said writ of garnishment; and having fully answered I pray hence to be discharged with costs," etc.

After judgment against the defendants in attachment, the garnishment branch of the cause was submitted to the court sitting as a jury, upon the interrogatories filed by the plaintiffs, and the answer of Foreman, the garnishee, thereto, and the court found that Foreman was indebted to Swank & Miller, the defendants in the attachment, in the sum of $40, and rendered judgment in favor of the plaintiffs for that sum against Foreman.

The plaintiffs excepted, and brought error.

The plaintiffs having filed no denial of the answer, it must be taken as true. *Dig. chap.* 17, *sec.* 33, *p.* 179. Did the answer show that the garnishee was indebted and liable, etc.?

By the service of the writ of garnishment, the plaintiffs in the attachment fixed a lien upon the indebtedness of the garnishee to the defendants, and no subsequent arrangement or cancellation of indebtedness between the garnishee and defendants could destroy the lien or affect the rights of the plaintiffs. *Watkins vs. Field*, 1 *Eng. R.* 391. *Desha vs. Baker*, 3 *Ark.* 509.

The notes having been executed for real estate, even if the garnishee purchased upon covenant for title, and there were at the time judgments against the vendors, (the defendants in the attachment,) constituting an incumbrance upon the lots, this would be no such total want of title as would defeat the collection of the notes for the purchase money, at law, on the grounds of failure of consideration. *Wheat use. etc., vs. Dotson*, 7 *Eng.* 699. *McDaniel vs. Grace et al.*, 15 *Ark.* 465. *Key et al. vs. Henson adr.* 17 *ib.* Nor are the statements in the answer sufficient to make out a case of fraud, as insisted by the counsel for defendant in error. No fraud is alleged, etc.

The judgment, in favor of the plaintiffs for $40, must have been on the note for that sum, which the garnishee admitted he had executed to the defendants. This was an error in favor of the plaintiffs. The Court had no jurisdiction of this note; nor of the note for $100. These notes belonged to the jurisdiction of a justice of the peace. The other two notes referred to in the answer being each for more than $100, were cognizable by the Circuit Court. *More v. Woodruff*, 5 *Ark.* 215. *Fisher vs. Hall & Childress*, 1 *Ark.* 275. *Heilman vs. Martin*, 2 *Ib.* 158. *Dillard vs. Noel, Ib.* 449. *Wilson vs. Mason*, 3 *Ib.* 494. *Berry vs. Linton*, 1 *Ark.* 252· *Collins vs. Woodruff*, 4 *Eng.* 465.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

Absent, Hon. C. C. Scott.