SHERRILL VS. WILSON & KEACH.

1. JURISDICTION: *Of justices of the peace.*
 Under the provisions of the constitution of 1868, the jurisdiction of a
  justice of the peace was determined by the amount of the debt, ex-
  clusive of the interest.

APPEAL from *Jefferson* Circuit Court.
Hon. REID FLETCHER, Special Judge.
*Farr* for appellant.
*Bell and Wassell & Moore, contra.*

ENGLISH, C. J.   On the 21st February, 1873, Wilson & Keach sued A. R. Sherrill before a justice of the peace, on a promissory note, for $496.71, dated Pine Bluff, June 27, 1871, payable one day after date, and bearing interest at the rate of ten per cent. per annum from its date until paid.

The plaintiffs filed with the note a brief complaint, describing the note, alleging that no part of the debt had been paid, and praying judgment.

The defendant was served with process, and on appearance day (3d March, 1873), judgment was rendered against him by default, for $496.71, debt, the principal of the note, and $83.43 for interest; and he afterwards appealed to the circuit court of Jefferson county.   At the term to which the appeal was taken, the cause was continued.   At the October term, 1873, Sherrill filed a demurrer to the complaint, on the grounds that the court had no jurisdiction to hear and determine the cause of action.

The court overruled the demurrer, and the defendant resting, final judgment was rendered against him for $496.71, for debt, and $111.75 for interest, etc.

On the 30th January, 1874, Sherrill obtained an appeal

from the clerk of this court, and executed a supersedeas bond, with J. B. Dodds as surety.

The constitution of 1868, which was in force when this suit was brought, and when the judgment was rendered on appeal, provides that: "Justices of the peace shall have exclusive original jurisdiction in all actions of contract and replevin, where the amount in controversy does not exceed two hundred dollars, and concurrent jurisdiction with the circuit court where the amount in controversy does not exceed five hundred dollars." Sec. 20, art. VII.

The principal of the note sued on in this case was less than five hundred dollars, but by adding the interest which had accrued on the note at the time the suit was brought, to the principal, it made a sum greater than five hundred dollars.

By the constitution of 1836, justices of the peace were given "exclusive original jurisdiction in all matters of contract except in actions of covenant, where the sum in controversy is of one hundred dollars and under." Sec. 15, art. VI.

There is no substantial difference between the words "amount in controversy," as used in the one constitution, and "sum in controversy," as used in the other.

In *Chatten et al. v. Heffley*, 21 Ark., 314, the suit was brought under the constitution of 1836, on a note for $100, bearing ten per cent. interest; this court, citing the previous decisions on the subject, held that the interest, whether legal or conventional, was not to be added to the principal in order to give jurisdiction to the circuit court, or to defeat the jurisdiction of the justice of the peace.

The court said: "Whether the rate of interest be fixed by law, or agreed on by the parties, it is still but interest; it is but an increase or fruit of the principal debt, etc., etc. If the amount of debt demanded be regarded, in all cases, as the criterion of jurisdiction, there is no difficulty in determining

whether the suit must be brought before a justice of the peace or in the circuit court; but if the jurisdiction is made to depend upon the amount of interest which has or may accumulate upon the debt, it would be contingent, floating, and in some instances the creditor might be in doubt as to the forum in which he should seek his remedy."

The judgment must be affirmed with ten per cent. damages, and judgment rendered against the surety in the supersedeas bond, as prescribed by the statute.