## MOORE & CO. v. KELLEY ET AL.

ATTACHMENT: *Jurisdiction as to garnishee.*

Since the adoption of the civil code the jurisdiction of the circuit court over the funds in the hands of a garnishee does not depend upon the amount of his indebtedness to the debtor, and it is error to dismiss the garnishee because his indebtedness does not exceed one hundred dollars.

APPEAL from *Monroe* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*H. A. Parker* for Appellants.

Appellants claim that in actions of this kind, where an attachment is issued and garnishments served on different parties who owe defendant, that the garnishment is only incidental to the main suit between plaintiff and defendant; and that is even so in judicial garnishment.

From the time the garnishment is served, the property that is in the garnishee's hands is in the custody of the law, and, as was said by the supreme court of the United States in the case of *Brashears v. West, 7 Peters, 608,* " the said garnishee is not at liberty to change the property or effects, or to convert it into

money, or to exercise any acts of ownership over same. In all such cases the garnishee is merely the agent of the court, and is entitled to hold the same until the question of his liability only is determined." *Drake on Att., pp. 453, 691, 693.*

The garnishees have nothing to do with any question as to proceedings, regularity or jurisdiction ; all that is necessary or proper for them to do is to learn whether there is a valid judgment against the defendant or not ; and all this points out very clearly that the garnishment is entirely incidental to the main action between the plaintiff and defendant.

From the incipiency of this character of actions they are dual in their nature ; *i. e.,* they may be personal, or they may be against the property of defendant, or both.

A garnishment is nothing more than an action against the property of the defendant in the hands of a third person, and is truly termed by Mr. Waples, "an ancillary proceeding ;" and he also terms it an "added incident" to the main suit, and this is clearly the case from the fact that if the main issue or suit between the plaintiff and defendant falls, all garnishments and ancillary proceedings go with it, but the converse is not true. *Waples on Attachment, pp. 4, 13, 68, 418.*

This question has been virtually settled by *Flynn v. State, 42 Ark., 320.*

The circuit court had jurisdiction of the main case, and the garnishments are but incidents of that suit, regardless of the amount named in the writ of garnishment, or the answer of garnishees.

COCKRILL, C. J. The appellants brought an action in the Monroe circuit court, on a money demand against Alfred Owens, and caused an attachment to issue under which D. W. Kelley and W. W. Spence were summoned as garnishees. After the appellants had obtained judgment *in personam*

against the defendant, and the attachment had been sustained, the garnishees appeared and answered; the one that he was in·debted to the defendant in the sum of $64; the other, $50. When the court was apprised that the indebtedness of each garnishee was less than the amount of which circuit courts entertain jurisdiction, an order was made dismissing the garnishment proceeding.

This was error. When the garnishee has been summoned and appears, after a judgment obtained against the defendant, and discloses that he is indebted to the defendant in an amount then due, it is the duty of the court to enter an order requir·ing the garnishee to pay the amount of his debt into court, to be applied to the satisfaction of the judgment. *Mansf. Dig.*, *secs. 342, 347.*

The jurisdiction of the court over the fund in the hands of the garnishee is not dependent upon the amount of his indebtedness. The service of the garnishment upon the defendant's debtor is only an attachment of the debt. It is simply a form of levy upon the defendant's property in the hands of a third person, and the jurisdiction of the court is no more affected by the value of such property, than by the value of specific articles actually seized by the sheriff under the attachment.

1. Jurisdiction as to garnishee.

Under the system of judicial garnishment which obtained in this state before the adoption of the code of civil procedure, the primary object of the proceeding was to obtain a personal judgment against the garnishee, enforceable by execution, and under that system it was ruled by this court that the proceeding involved all the incidents of a suit, and that the amount claimed of the garnishee was the measure of jurisdiction. *Moore v. Woodruff, 5 Ark., 214; Woodruff v. Griffith, Ib., 354; Tunstall v. Worthington, Hemp. (C. C.), 662.*

But no judgment against the garnishee can be reached under the code procedure; it is not instituted to settle disputes

between the debtor and third persons; that must be done in an ordinary action. The radical difference between the two methods is distinctly pointed out in the case of *Giles v. Hicks, 45 Ark., 271.*

Reverse and remand for further proceedings.