PACE vs J. S. MERRILL DRUG CO.

Opinion delivered January 12, 1899.

1.  *Assignment—Direction in Deed to Sell all Property Fraudulent.*
    A deed of assignment provided that the assignee should "sell the same [property assigned] as required by law." *Held*, This provision required the assignee to sell notes and accounts and rendered the deed fraudulent and void.

2. *Pleading and Practice—Commissioner's Court—Procedure on Appeal.*

No written pleadings being required in the commissioner's court, it is not error to overrule a motion to strike out for want of verification, a plea, controverting the answer of a garnishee, filed in the district court upon appeal.

3. *Garnishment Statute in Force.*

Chapter 71 of Mansfield's Digest, entitled "Garnishment," was put in force in the Indian Territory by the act of March 1, 1889.

4. *Garnishment—Answer of Garnishee—Practice.*

If a garnishee appear and answer that he has property of, or is indebted to defendant, or states the facts and submits a determination of his liability to the court, the court may order the garnishee to deliver the property, or to pay the amount owing by the garnishee into court, to the amount of plaintiff's demand, and may enter judgment against garnishee and issue execution thereon for the amount.

5. *Attachment and Garnishment may be Included in one Writ.*

An order of attachment and a writ of garnishment may be embodied in one writ, and the goods may be seized under the order of attachment, or may be reached under the writ of garnishment in the hands of a third party in possession thereof. Either may be served without the other, or both may be served together.

6. *Commissioner's Jurisdiction in Garnishment Cases.*

The commissioner's jurisdiction is determined by the amount of the plaintiff's demand and not by the amount the garnishee may be indebted to defendant. The property or money in the hands of the garnishee in excess of the plaintiff's demand is not affected by the proceedings in garnishment.

Appeal from the United States court for the Southern district.

C. B. KILGORE, Judge.

Action by the J. S. Merrill Drug Company against R. C. Littell, defendant, and T. T. Pace, garnishee. Judg-

ment for plaintiff against the garnishee. Garnishee appeals. Affirmed.

On January 23, 1896, the J. S. Merrill Drug Company filed a suit before Arthur Walcott, United States commissioner at Ardmore, against R. C. Littell, upon an open account for goods, wares, and merchandise sold him. On the same day an affidavit was filed alleging that the defendant had sold, conveyed, and otherwise disposed of his property with the fraudulent intent to hinder and delay his creditors, together with an attachment bond, as required by the statutes regulating procedure in attachment suits. On the same day, also, the plaintiff filed an application in court, praying that T. T. Pace be summoned as garnishee to answer as the law requires. On February 6th, T. T. Pace filed his answer as garnishee, denying that he had any goods, chattels, moneys, credits, or effects in his hands or possession belonging to the defendant, Littell, at the time he was summoned as garnishee. The case was tried before the United States commissoner on the 11th day of February, 1896, the trial resulting in a verdict for the plaintiff against the defendant, Littell, for $40.70 and the costs of the suit, and also a judgment requiring the garnishee, Pace, to pay into court an amount sufficient to pay the judgement and the costs of the action. From this judgment the garnishee appealed to the United States court at Ardmore, and on April 21, 1897, the case came on for trial, both parties waiving a jury and submitting to the court all questions of law and fact. The court rendered a judgment, reciting, among other things, the following: ''It is considered, ordered, and adjudged that at the time of the service of the writ of garnishment on the garnishee, T. T. Pace, he had chattels, effects, and credits in his hands belonging to the said. R, C. Littell in the sum of $402, being an amount more than sufficient to satisfy plaintiff's judgment herein, and all costs incurred in this

action in the court below as well as in this court, and the said T. T. Pace is therefore directed to pay into this court the amount of the judgment against the defendant, R. C. Littell, in the commissioner's court, as shown by the transcript herein, together with the costs of this court." On August 19, 1897, a nunc pro tunc order was made sustaining the attachment sued out by the plaintiff against the defendant and against T. T. Pace as of the date when the original judgment was rendered, to-wit, on April 21, 1897. On page 25 of the transcript the following appears: "After which the cause came on to be heard upon the merits and upon the issues joined between the parties to the suit, said issues consisting of the allegation of the plaintiff that the defendant, Littell, had disposed of his property with the fraudulent intent to hinder and delay his creditors, and the answer of the garnishee, T. T. Pace, that he had no goods, chattels, moneys, or effects in his hands or possession belonging to the defendant, R. C. Littell, at the time the garnishment was served on him, and the agreement was signed by counsel, above set out" The agreement referred to reads as follows: "It is agreed by and between the plaintiff, J. S. Merrill Drug Co. and the garnishee, T. T. Pace, that at the time the writ of garnishment was served on said T. T. Pace, that he was in possession of a certain stock of drugs as assignee of R. C. Littell; that said stock of drugs were of the value of $402.50; and that since said service he has sold said drugs for the sum of $405.00. The order of attachment and summons for T. T. Pace as garnishee were combined in one paper, and are in the ordinary form." The plaintiff replied to the answer of the garnishee, and alleged that he held in his possession, at the time the garnishment was served on him, chattels, moneys, credits, and effects of the defendant of the value of about $400, conveyed to him under a fraudulent and void deed of assignment. Plaintiff attached a copy of this deed to its reply, and claimed that it was void

on its face. The appeal in this case is taken by the garnishee, T. T. Pace.

*Robert H. West,* for appellant.

*W. A. Ledbetter* and *S. T. Bledsoe,* for appellee.

SPRINGER, C. J. The principal contention of appellant in this case is that the court erred in holding that the assignment from R. C. Littell to T. T. Pace was invalid. The portion of the assignment which it is claimed renders the assignment invalid reads as follows: "The said T. T. Pace is not to take possession of any of said goods until he has first caused a true and correct inventory to be made thereof and filed with the clerk of the United States court in the Indian Territory, Southern district, at Ardmore, and also executed and filed with the said clerk his bond as required by law, except for the purpose of taking said inventory. After filing said inventory and description of said property, and executing and filing said bond as required by law, and complying with the requirements of the law in such cases, T. T. Pace is hereby authorized and empowered to take possession of said property, and to sell the same as required by law, and to receive the proceeds thereof."

The counsel for appellant, in his argument in reference to this provision in the deed of assignment, insists that there was no delivery of the assigned property contemplated until after the filing of the inventory and bond. This proposition is not contested by appellee's counsel, who only assail that part of the deed which requires the assignee to sell all of the assigned property, which included all notes and accounts due the assignor by reason of the goods sold out of his drug store; and they insist that the deed required the assignee to sell such notes and accounts in the same manner that it required him to sell the other property conveyed

to him in the assignment, and that the deed, on this account, contravenes the sections of Mansfield's Digest which require the assignee to collect the notes and accounts, and not to sell them. Mansf. Dig. § § 306, 307, 309. The appellant defends the deed upon grounds on which it has not been assailed, and the appellee assails it upon grounds on which it is not defended. But the burden is upon the appellant to show that the deed is valid, as the trial court held it fraudulent in law and void. Counsel for appellee cite the case of Churchill vs Hill, 59 Ark. 54, 26 S. W. 378, as in all respects in point against the validity of the deed of assignment in this case. That case was decided by the supreme court in April, 1894, since congress put in force in the Indian Territory the assignment laws of Arkansas. The opinion is therefore not absolutely binding on this court, but it should have great weight, in view of the thorough knowledge that the court has of the Arkansas statutes. Attention is called to the last sentence above quoted from the deed of assignment in this case. After filing the inventory, the assignee was "authorized and empowered to take possession of said property, and to sell the same as required by law, and to receive the proceeds thereof." In the Churchill vs Hill case, supra, the deed of assignment, after describing the property assigned, including "all their choses in action of every kind, character, and description, consisting of chattel mortgages, notes, and accounts," required the assignee "to sell all the property assigned to him, at public auction, within one hundred and twenty days after executing a bond which he is required to execute by law, first having given at least thirty days' notice of the time and place of such sale." The words "all the property assigned to him," necessarily include the choses in action. The deed in the case at bar uses the words, "take possession of said property and sell the same as required by law." The law requires the sale to be at public auction, within 120 days after the execution of the bond,

after giving 30 days' notice of the time and place of said sale.   Mansf. Dig. § 309.     The meaning of the language used in the deed in the Churchill vs Hill case and in the deed in the case at bar is precisely the same in effect.     The assignee was in each instrument required to sell all the property assigned to him "as required by law." The Churchill-Hill deed merely recited the provision of the law, while the deed under consideration referred to the law, without reciting its terms.    In the Churchill vs Hill case the court instructed the  jury, over  the  objection  of defendant's counsel, as follows:    "The jury are instructed that the law regulating the assignment of property for the benefit of creditors, as amended in the year 1883, requires notes and accounts to be held for collection, and not to be sold at public auction within one hundred and twenty days from the filing of the assignee's bond, as other property is required to be; and the jury are further instructed that the deed of assignment in this action, in providing and requiring that all the property assigned, including the notes, accounts, and mortgages, should be sold at public auction within one hundred and twenty days after the execution of the bond the assignee is required by law to execute, was in violation of the law of assignments, and made the deed fraudulent in law, and they will sustain the attachments."   The supreme court of Arkansas, in a very able opinion, sustains this instruction, from which this court quotes with approval the following sentences:    "Did the court err in instructing the jury? • It has been repeatedly held by this court that a deed of assignment which directs a disposition of the property assigned in a manner different from that prescribed by the statute is fraudulent, and a ground for attachment.    Raleigh vs Griffith, 37, Ark.  150; Collier vs Davis, 47 Ark, 367, 1 S. W. 684; Gilkerson-Sloss  Commission  Co. vs London,  53 Ark. 88; 13 S. W. 513; Penzel Co. vs Jett, 54 Ark, 429, 16 S. W. 120; Lincoln vs Field, 54 Ark.  471,  16

S. W. 288. Is the deed in question defective in this respect? Section 309 of Mansfield's Digest provides: 'Said assignee shall be required to sell all the property assigned to him for the payment of debts, at public auction, within one hundred and twenty days after the execution of the bond required by this act, and shall give at least thirty days' notice of the time and place of such sale." Section 306 provides: 'Such a signeeshall, at the first term of the court after one year from the date of said assignment, and at the corresponding term of court every year thereafter until the proceeds of the property a signed shall be disposed of for the benefit of creditors, present to the court a fair written statement, or account current, in which he shall charge himself with the whole amount of the property assigned, including all debts due or to become due, and credit himself with all sums of money expended.' Section 307 then provides; 'Such an account shall be carefully examined by the court, and upon such examination the court shall allow the assignee credit for all debts with which he stands charged which the court shall be satisfied could not be collected.' This last section was enacted subsequently to section 309, and repealed or amended the latter section to the extent they are in conflict, although the latter was not mentioned in the act of which the former was a part. Scales vs State, 47 Ark. 481, 1 S. W. 769; People vs Mahaney, 13 Mich. 481, 496, 497; Lehman vs McBride, 15 Ohio St. 573; Shields vs Bennett, 8 W. Va. 74, 87; Baum vs Raphael, 57 Cal. 361; Railroad Co. vs Nestor, 10 Colo. 405, 15 Pac. 714; Evernham vs Hulit, 45 N. J. Law, 53; Sheridan vs City of Salem, 14 Or. 328, 337, 12 Pac. 925; Davis vs State, 7 Md. 151; Cooley, Const. Lim. (6th Ed.) 182. Construing sections 307 and 309 together, it is manifest that an assignee is not required to sell choses in action within the 120 days. The

(15)

fact that the assignee is to stand charged with the uncollected debt for more than a year after the execution of the assignment is wholly incompatible with the idea that he is to sell the notes and accounts at public auction within the 120 days; because, if he is required to sell them within that time, he could not have them on hand a year after.    Under section 307. 'he is not entitled to credit for the uncollected debts for which he stands charged until he satisfies the court that they could not be collected.'    The plain meaning of the statutes is 'that the assignee shall collect all the choses in action that he may be able to collect, and shall be credited with such as cannot be collected.'    Any construction placed upon the statutes of assignments which would make it the duty of the assignee to sell them as other property is required to be sold would be disastrous to all parties interested in the assignments.    Hill vs Woodberry, 4 U. S. App. 68, 1 C. C. A. 206, 49 Fed. 138."

The second assignment of error in this case is that the court erred in holding that this was a suit begun by attachment.    It seems that the writ of attachment was never levied.    It is conceded that the bond and affidavit for attachment filed in the case were in strict compliance with the law, and that the order of attachment in the usual form issued in favor of the plaintiff and against the property of the defendant.    The order of attachment and writ of garnishment were embodied in the same writ.    These proceedings were all that were required on the part of the plaintiff to institute a suit by attachment.    Instead of seizing the goods under the attachment writ, the marshal served the writ of garnishment on Pace, the assignee of defendant, and the person in whose hands were the same goods which might

Garnishment
chapter in
force.

have been taken by the attachment writ. By service of the garnishment, a lien was fixed upon any property of the debtor in the hands of the garnishee. Mansf. Dig §§ 317, 318; Desha vs Baker, 3 Ark. 509; Watkins vs Field, 6 Ark. 391; Martin vs Foreman, 18 Ark. 249. It is unnecessary to pursue two remedies, when one will accomplish all that is desired.

The third assignment of error is that "the court erred in overruling appellant's motion to strike out of the plea of the plaintiff controverting the answer of the garnishee, the same not being sworn to, and being filed for the first time in the United States court at Ardmore after an appeal from from the commissoner's court." Section 5087 of Mansfield's Digest provides as follows: "No objection shall be taken after judgment to any pleading for want of, or defect in the verification." And by section 4050 of Mansfield's Digest it is provided that the pleadings in an action before a justice of the peace in that state may be written or oral. The seme rule prevails as to the proceedings of the United States commissoners in the Indian Territory.

The fourth assignment of error is that "the court erred in rendering judgment against T. T. Pace, garnishee, requiring him to pay into court the amount of the judgment and costs." Counsel for appellant contends that this suit is purely a legal action, and can only be enforced by legal means and by a separate suit against the garnishee, as pro-

vided in section 344 of Mansfield's Digest, to wit, by action against the garnishee, to be begun like any other action, by filing complaint and suing out a summons." Section 344, Id., does not require, in all cases, a separate suit against a garnishee "to be begun like any other action," as appellant's counsel contends. The section is as follows: "Sec. 344. Upon the service of a summons upon any garnishee, or after his failure to make a disclosure satisfactory to the plaintiff, the latter may proceed in an action against him by filing a complaint, verified as in other cases, and causing a summons to be issued upon it; and thereupon such proceeding may be had as in other actions, and judgment be rendered in favor of the plaintiff to subject the property of the defendant in the hands of the garnishee, or for what shall appear to be owing to the defendant by the garnishee. The judgment may be enforced by execution or other means." This section must be construed in connection with other sections in the same chapter on the subject of garnishee proceedings in attachment cases. See sections 340-347. The proceedings contemplated by section 344 may be taken at the instance of the plaintiff after the failure of the garnishee to make a disclosure satisfactory to the plaintiff. If the garnishee has appeared in court and made answer disclosing indebtedness to the defendant, or property in his hands belonging to the defendant, the court may make such order in reference thereto as may be deemed just. In the case of Moore vs Kelley, 47 Ark. 219, 1 S. W. 97, the supreme court of Arkansas said: "When a garnishee has been summoned and appears after a judgment obtained against the defendant, and discloses that he is indebted to the defendant in any amount then due, it is the duty of the court to enter an order requiring the garnishee to pay the amount of his debt into court, to be applied to the satisfaction of the judgment. Mansf. Dig. §§ 342, 347." This is the course pursued where the garnishee appears and files an answer disclosing in-

debtedness to the defendant, or that he has in his possession property belonging to him, as was done in the case at bar. If the garnishee fails to make a disclosure satisfactory to the plaintiff, or makes a default, the plaintiff may proceed against him in attachment cases as provided in section 344 of Mansfield's Digest. In the case of Penyan vs Berry, 52 Ark. 130, 12 S. W. 241, the supreme court of Arkansas said: "An order to pay money made by the court upon a garnishee after his failure to appear in the attachment proceedings wherein he was garnished was not a judgment against the garnishee, and does not determine a liability to pay. Giles vs Hicks, 45 Ark. 271; Railway Co. vs Richter, 48 Ark. 349, 3 S. W. 56. A garnishment proceeding is not instituted to settle the indebtedness between the attached debtor and third persons, and the only effect of the court's order upon the garnishee is to confer upon the attaching creditor of his creditor the same right to collect whatever he may owe his attached creditor that the latter had against him, i. e. the garnishee." In the case at bar the garnishee appeared in court in response to the summons in garnishment and made answer. His answer was controverted, and the issue between him and the plaintiff in the suit below was as to the validity of the assignment under which he held the property assigned to him by the defendant. The court held the assignment invalid, and that the property in his hands belonged to the defendant, and such property having been converted into money, the court ordered that the garnishee should pay out of the proceeds of defendant's property an amount sufficient to satisfy the plaintiff's judgment and costs, and gave judgment therefor. This was not error. The provisions in reference to garnishment in chapter 9 of Mansfield's Digest, entitled "Attachments," must be construed also in connection with chapter 71, entitled "Garnishments." The latter chapter was not put in force in the Indian Territory in express terms by the act of May 2, 1890; but it was put in force by the pro-

viso to section 6 of the act of congress approved March 1, 1889, entitled "An act to establish a court in the Indian Territory, and for other purposes." That proviso is as follows: "Provided, that the practice, pleadings and forms of proceeding in civil causes shall conform, as near as may be the practice, pleadings, and forms of proceeding existing at the time in like causes in the courts of record of the state of Arkansas, any rule of court to the contrary notwithstanding; and the plaintiff shall be entitled to like remedies by attachment or other process against the property of defendant, and for like causes, as now provided by the laws of said state." The chapter on "Garnishment" in Mansfield's Digest was unquestionably put in force in the Indian Territory by this provision, as well as chapter 55, entitled "Ejectment," for the reasons given by this court in the case of Wilson vs Owens, 1 Ind. Ter. 163. Keeping this fact in view, the construction placed upon garnishment proceedings by the supreme court of Arkansas will be more clearly understood. The reasonable construction to be given to all provisions of law in force in the Indian Territory relating to garnishment is that in cases where the garnishee appears and submits his answer admitting that he has property in his hands or money belonging to the defendant in the suit, or where he appears in person or by attorney and answers by stating the facts and submitting the question of his liability to the court, the court may order the delivery of the property belonging to the defendant in the hands of the garnishee, or the payment of the amount owing by the garnishee, into the court, to the amount of plaintiff's demand, for the benefit of the plaintiff in the suit, as provided in sections 342 and 347 of Mansfield's Digest; but in cases where the garnishee files an answer in which he fails to make a disclosure satisfactory to the plaintiff, or where the garnishee makes a default by not appearing, the plaintiff may proceed in an action against him by filing a

Garnisnment Chapter in Force.

complaint, as contemplated in section 344; or having ob-
tained a judgment in the case, without attachment proceed-
ings, as provided in section 3410 of Mansfield's Digest, the
plaintiff may proceed by suing out a writ of garnishment, as
provided therein and in the subsequent sections of the chap-
ter on "Garnishment."

The contention of counsel for appellant that the
commissioner's court had no jurisdiction of the garnishee,
as the amount of property in his hands was worth more than
the commissioner had jurisdiction to try and determine, the
property in his hands amounting to $402.50, is untenable.
The commissioner's jurisdiction is determined by the amount
of plaintiff's demand, and not by the amount of defendant's
property or money in the hands of the garnishee. The
property or money in the hands of the garnishee belonging
to the defendant in excess of plaintiff's demand is not affect-
ed by the proceedings in garnishment, and hence the juris-
diction of the commissioner is not limited or affected by such
excess of property. In the case of Noyes vs Guy at this term
of this court, 2 Ind. Ter. 205 involving the validity of a deed
of assignment, this court held that the deed was valid. The
part of the deed in question in that case was as follows: "And
hereby empowers his said assignee to carry out this trust by
conforming to the laws of the United States in said territory,
provided as follows: My said assignee, after executing a
good and sufficient bond and filing an inventory, shall,
within one hundred and twenty days, sell all the property
herein conveyed at public auction, and pay the proceeds to
my creditors as herein provided." It will be seen that the
direction to the assignee was "to carry out this trust by con-
forming to the laws of the United States in said territory."
This court held in that case that the language was imperative
upon the assignee, and that it was not qualified or limited in
any manner by the provisions which followed. But the
direction to the assignee in the deed of assignment in the

*Garnishment. Jurisdiction of commission.*

case at bar was not "to carry out this trust by conforming to the laws," but to sell the property assigned "as required by law." The law in regard to selling the property was to be followed. This only referred to the manner of selling and the time in which it was to be sold. This court holds in this opinion that the deed in the case at bar was, in effect, substantially the same as the language used in the case of Churchill vs. Hill, supra, and that this case must be decided upon the rule laid down in that case. The opinion in this case does not conflict with the decision of this court at this term in the case of Noyes vs Guy. The judgment of the court below is affirmed.        ◆

CLAYTON and TOWNSEND, J. J., concur.