ADAIR *v.* QUINCY STOVE MANUFACTURING COMPANY.

Opinion delivered June 14, 1915.

1. JUSTICES OF THE PEACE—JURISDICTION AS TO AMOUNT.—Appellee brought an action against appellant on a note in the justice court. The amount of the note was $300.44, after interest was added under the rule in Kirby's Digest, § 5385, and a payment made deducted therefrom. Appellee remitted $1.00 from the amount due and brought suit for $299.49. *Held,* the justice had jurisdiction of the action.

2. COSTS—COST BOND—NON-RESIDENT DEFENDANT.—In an action on a note against appellant by appellee, a non-resident corporation, in a justice court, appellant may, at any time before judgment, require the appellee to give a bond for costs, or have the suit dismissed, but appellant's failure to give bond is unavailing on appeal, when the record fails to show that appellee asked for a dismissal of the suit, because of the failure to give bond.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Walter M. Purvis,* for appellant.

1. Appellee being a nonresident of this State, and having failed to file the bond for costs required by law, after motion made to require such bond, the cause should have been dismissed in the lower court, and should be dismissed here. Kirby's Dig., § 959.

2. The justice of the peace court was without jurisdiction. The law limiting the jurisdiction of a justice of the peace is founded on public policy, and no manipulation of a debt can change such jurisdiction. 77 Va. 225. The attempt by remittitur to bring this case within the jurisdiction of the justice of the peace amounts only to a manipulation of the claim so as to gain for appellee an undue advantage. Moreover, the amount remitted was not sufficient to bring the debt within the jurisdiction of the court. See 78 Ark. 176; 80 Mich. App. 43; 39 S. W. 39.

The jurisdiction of a justice of the peace will not be extended by inference or implication. 5 Ark. 27; 6 Ark. 41; 7 Ark. 305; 48 Ark. 476; 5 English (10 Ark.) 326, 333; 13 Ark. 41.

A creditor can not apply a payment so as to be inequitable or unjust to the debtor.   2 Ill. 196; 20 Tex. 772; 19 Va. 26.

*L. E. Hinton,* for appellee.

1. There is nothing in the record to show either that appellee is a nonresident of the State or that appellant filed any motion to dismiss for want of a cost bond. The objection was waived.   2 Ark. 109; *Id.* 68; *Id.* 109; 6 Ark. 456; 7 Ark. 118.

2. The amount claimed, not the amount due, determines the jurisdiction, subject to the provisions of the Constitution and the statutes.   Art. 7, § 40, Const. 1874; Kirby's Dig., § 4552; 7 Ark. 258; 1 Ark. 275; 21 Ark. 316.

That the appellee had the right to remit one dollar, in order to bring the action within the jurisdiction of the justice of the peace is clear.   60 Ark. 146.

KIRBY, J.   Appellee company brought this suit upon a note in the justice court after remitting $1 of the principal to bring it within the justice's jurisdiction and recovered judgment there, from which an appeal was taken to the circuit court, where judgment was again rendered in its favor, and from that judgment this appeal is prosecuted.

The only contention for reversal here is that the court was without jurisdiction to render the judgment. The note sued on with the endorsements is as follows:

"$316.22.        Little Rock, Ark., January 23, 1914.

"Sixty days after date, I promise to pay to the order of the Quincy Stove Manufacturing Company three hundred and sixteen and 22/100 dollars at Little Rock, Ark., value received, with interest at 6 per cent per annum from date.

"No.......Due..........        Tom C. Adair."
(On back of note.)

"July 17, 1914, paid $25 to be applied on principal of note as per oral agreement with Mr. Adair.

"Plaintiff remits $1 hereon and prays for judgment against defendants for $299.49, and accrued interest at the rate of 6 per cent per annum until paid."

(1)   If the interest upon the note be calculated according to the partial payment rule designated in section 5385, Kirby's Digest, the interest due from the date of the partial payment of $25 on July 17, 1914, was $9.22, which when added to the principal and the payment deducted from the amount, left a balance due upon the note of $300.44.

On September 22, afterwards, plaintiff remitted $1 of the principal of the note and brought suit for $299.49.

Appellant contends that the interest from the date of the payment to the time of the credit of the $1 remitted, should have been added to the principal and the $1 taken therefrom which would not reduce the amount to the jurisdiction of the justice of the peace.

Justices of the peace are given original jurisdiction of the following matters:

"First, exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest, and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest. * * *" Article 7, § 40, Constitution of 1874; Kirby's Digest, § 4552.

After the partial payment was properly credited upon the note, there remained due upon the principal $300 and some cents, and when suit was brought $1 was credited thereon and remitted, reducing the amount claimed by the plaintiff upon the note and for which judgment was asked, the amount in controversy within the meaning of the Constitution, to less than $300, exclusive of interest. *Lafferty* v. *Day,* 7 Ark. 258.

The amount of the principal of the note claimed by the plaintiff was less than $300 and the interest due thereon is not to be considered in determining the court's jurisdiction, the Constitution expressly giving the justice jurisdiction, concurrent with the circuit court "in matters of contract where the amount in controversy does not exceed the sum of $300, exclusive of interest." *Fisher* v.

*Hall,* 1 Ark. 275; *Chatten* v. *Heffley,* 21 Ark. 313; *Sherrill* v. *Wilson & Keach,* 29 Ark. 384.

This court held in *Hunton* v. *Luce,* 60 Ark. 146, that a plaintiff has the right to bring his action for less than the amount due him, remitting the balance in order to bring his case within the jurisdiction of justices of the peace. *Kilgore Lumber Co.* v. *Thomas,* 95 Ark. 47.

(2)   There is no bill of exceptions in this record showing the proceedings in the lower court and neither does the record show that a motion was made to dismiss the cause either in the justice or circuit court, for plaintiff's failure to give bond for cost as required by law (section 959, Kirby's Digest) and the question attempted to be raised by the brief on this point can not be considered here.

There is in the record what is called an amendment to the motion for a rehearing in which it was stated that the defendant, Tom C. Adair, upon the hearing in the justice court, showed the justice that plaintiff was a nonresident corporation "and prayed that it be required to make a bond for cost."

The defendant had the right at any time before judgment was rendered to require the bond for cost given or the suit dismissed in accordance with sections 959-960, Kirby's Digest, but the record fails to show that he asked for a dismissal of the suit, because of the failure to give bond.

We find no prejudicial error in the record and the judgment is affirmed.