## ARNOLD et al. v. BURKS.

No. 5204. Opinion Filed April 10, 1917.

Rehearing Denied May 8, 1917.

(164 Pac. 970.)

(Syllabus by the Court.)

Garnishment — Judgment — Pleading — Answer—Petition.

Record examined, and held, that motion to set aside the judgment was properly overruled.

Error from District Court, Stephens County; Frank M. Bailey, Judge.

Action by L. M. Burks against Charles Arnold, with garnishment against T. J. Presley and others. Judgment against defendant and the garnishees, and from the overruling of their motion to vacate the judgment, defendants bring error. Order affirmed.

H. A. Ledbetter, for plaintiffs in error.

H. B. Lockett, for defendant in error.

HARDY, J. The parties hereto will be designated as they appeared in the trial court. The plaintiff, L. M. Burks, brought an action against defendant Charles Arnold and had a garnishment issued and served on defendants Bogie, T. J. Presley, and A. J. Presley. On the 24th day of November, 1911, judgment was rendered against defendant Arnold for his debt and against garnishees in stated amounts. On March 11, 1912, defendants filed in the trial court a motion to set aside the judgment theretofore rendered, alleging in substance that said cause was set for trial November 16, 1911, and that said garnishees had on file in said court in said cause their answer, denying any indebtedness to said Arnold, and that the said Arnold had on file therein a motion to make plaintiff's petition more definite and certain, and that on said day the presiding judge of said court announced that no cases involving "Indian questions" would be tried at that term of court unless by agreement of parties, and that this case involved an Indian question; that defendants' attorney, relying thereon, left Duncan, where court was being held; that on November 24, 1911, the case was called up by attorney for plaintiff in the absence of defendants and their attorneys,

and judgment taken against defendant Arnold for the amount sued for and against garnishees as debtors of the said Arnold in certain stated amounts. Soon after judgment was obtained, an execution was issued, but upon the filing of the above motion the execution was recalled to await action on the motion to vacate the judgment. In due time said motion was heard and overruled, and defendants have appealed from that ruling.

The garnishees urge that said judgment against them should be vacated for the reason that at the time same was rendered, they had on file a verified answer denying any indebtedness to defendant Arnold. An examination of the answer shows that said garnishees admitted the execution of their promissory note in the sum of $250 in favor of defendant Arnold, which was due and unpaid, and that said garnishees had contracted and agreed to pay to said defendant the further sum of $350, which amount was at the time of the filing of said answer unpaid. It was further alleged that the amounts agreed to be paid by said garnishees were for certain lands in the Chickasaw Nation, Ind. T., claimed to be owned by said Arnold, which he had sold to garnishees in consideration of said amounts; that garnishees were informed that said property was not in fact the property of said Charles Arnold and that their promise to pay was procured by said Arnold by means of fraudulent misrepresentations and garnishees prayed judgment of the court whether they were in fact indebted to said Arnold in said amounts. This answer cannot be construed as a denial of indebtedness within the authorities relied upon by counsel for defendant. What garnishees in fact did was to state the facts and submit them to the court for a determination of their liability. Under these circumstances the court was authorized, as it did, to determine whether the facts stated rendered garnishees liable for the amount of their obligations, the execution of which was admitted in the answer.

In Pace v. Merril Drug Co., 2 Ind. T. 218, 48 S. W. 1061, the statutes regulating the procedure in cases of this character which were in force in the Indian Territory were construed by the Court of Appeals, and the procedure adopted by the trial court in the case at bar was held to be proper. The fourth paragraph of the syllabus in that case is as follows:

"If a garnishee appear and answer that he has property of, or is indebted to, defendant, or states the facts and submits a determination of his liability to the court, the court may order the garnishee to deliver the property, or to pay the amount owing by the garnishee into court, to the amount of plaintiff's demand, and may enter judgment against garnishee and issue execution thereon for the amount."

That is just what was done in this case. The garnishees answered admitting the execution of certain obligations to defendant, and stated the facts out of which said obligations grew, and the court, upon consideration thereof and upon sufficient showing, adjudged them to be liable to defendant in the amount of their admitted obligations. This contention is not good for another reason. The entire record in the trial court is not incorporated in the case-made and we are unable to determine whether issue was joined upon the answer as defendant contends it should have been, and a trial thereafter had upon the issues so made. The judgment recites that said garnishees had been duly summoned and had filed answer, and that it had been shown to the court that they were indebted to defendant Arnold in certain sums for which judgment was rendered. A reasonable construction of this recital in the journal entry justifies the conclusion that a sufficient showing was made of a character to satisfy the mind of the court from which the court found that said garnishees were indebted to defendant in the amounts for which judgment was rendered; and this conclusion is supported by the presumption of regularity which attaches to the proceedings of a court of record, acting within the scope of its jurisdiction. 16 Cyc. 1075.

Defendant Arnold urges that the court erred in rendering judgment against him while he had pending a motion to make the petition more definite and certain. It affirmatively appears that on May 2, 1906, this motion was sustained and the petition which is incorporated in the case-made is designated as "first amended complaint," and the indorsements thereon show same to have been re-filed September 25, 1907, which was after the order to make more definite and certain had been sustained, and it thus appears that said motion had been acted upon and the pleading amended in response thereto, and no demurrer appears to have been lodged against said pleading as amended.

On the day the case was regularly set for trial plaintiff appeared in person and by his attorney and had his witnesses present, and defendant appeared by his counsel, Mr. Gilbert, who at that time announced that he had no objections to judgment being taken. Had said motion not been acted upon, this of itself would have constituted an abandonment and a waiver thereof.

It is claimed that the petition was insufficient to support the judgment rendered be-

cause same did not state facts sufficient to constitute a cause of action in that plaintiff was seeking to recover for the purchase price of improvements on Indian land without first showing that the person selling the improvements was an Indian citizen. We do not so construe the petition. As we understand it, plaintiff was seeking to recover for the price agreed to be paid for a certain lease upon land belonging to one Minnie Shirley, an Indian citizen. The petition and the contract attached as an exhibit thereto disclose that plaintiff had advanced to said Minnie Shirley and her husband money with which to purchase improvements upon certain lands which had been conveyed to them, in consideration of which the Shirleys acknowledged themselves to be indebted to Burks in a certain amount, and had rented him the premises for a certain stipulated rental per annum. The action is not upon the contract of purchase between the Shirleys and the original owner of the improvements; for that was consummated and the consideration paid. About one year after the foregoing arrangement defendant Arnold and the Shirleys agreed to purchase plaintiff's lease upon said lands for the sum of $600, for which amount judgment was claimed. The objection to the petition is not well taken.

Conceding that the presiding judge announced that cases involving Indian questions would not be tried except by agreement, such announcement has no bearing in this case for the reason that counsel who now appear did not then represent any of the parties hereto, and no action of his at that time had any reference to this litigation. It does not appear that defendant or garnishees were present or that they absented themselves because of any reliance upon the announcement of the trial judge, nor that any act or conduct upon their part was influenced thereby. Counsel for defendant who represented him at the time in effect consented to the rendition of judgment in plaintiff's favor, and garnishees had submitted the facts to the court and prayed an adjudication as to their liability, and it does not appear to us that the court erred in overruling the motion to set aside the judgment.

This litigationu was commenced as early as 1905, and, while plaintiff was at all times insisting upon a trial, it seems he was never able to reduce his claim to judgment until the year 1911, and after all these years, having succeeded finally in obtaining a judgment to which he was apparently entitled, the trial court was right in refusing to set it aside upon the showing made.

In McAdams v. Latham, 21 Okla. 511, 96 Pac. 584, this court recognized the rule that a trial court has a wide and extended discretion in setting aside judgments and decrees rendered in its own court when it does so at the same term in which judgment or decree was rendered, but further declared the rule to be that after a final decree or judgment had been rendered and the term expired there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

These requirements, in our judgment, were not satisfied by the showing made. and the order from which this appeal is prosecuted is therefore affirmed.

All the Justices concur.